UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISRAEL ONTIVEROS,<br>　　　　Plaintiff,<br>　　v.<br>DOMINGUEZ, et al.,<br>　　　　Defendants. | Case No. 19-cv-07496-VKD<br><br>**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A(A); GRANTING LEAVE TO AMEND** |

Pro se plaintiff Israel Ontiveros, a state prisoner at the California Medical Facility ("CMF") in Vacaville, filed this civil rights action against defendants Dominguez (Senior MTA), Wang (MTA), Correctional Officer Aguilar, and a "Jane Doe" officer based on their actions while Mr. Ontiveros was housed at Salinas Valley State Prison ("SVSP"). Dkt. No. 1. Mr. Ontiveros has consented to magistrate judge jurisdiction. Dkt. No. 5.

## I. STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**II. DISCUSSION**

**A. Plaintiff's Claims**

Mr. Ontiveros claims that on February 28, 2019, he was agitated and had high anxiety. Dkt. No. 1 at 3. He requested a "PRN" [medication] to help calm down because he felt an "episode" coming and was trying to prevent himself from self-harm, but he was ignored. *Id.* Mr. Ontiveros then banged and split his head open. *Id.* MTA Singh, not named as defendant, pressed the alarm and took Mr. Ontiveros to medical where he refused treatment. *Id.* He was placed in an observation cell with all his clothing on, and then on "1 to 1 watch." *Id.* Mr. Ontiveros continued to ask for medication but was ignored. *Id.* He then started to rip his shirt and was eventually placed in restraints shirtless. *Id.* He was taken to medical where they put a smock to cover his torso before escorting him to a cell. *Id.* At that point, he told defendant Dominguez, Senior MTA, that he was not going to take his clothes off. *Id.* As Dominguez "grabbed [his] buttocks to take [his] shorts off," Mr. Ontiveros was "dropped" by defendants Aguilar, Jane Doe, MTA Wang, and Dominguez, and his buttock was exposed. *Id.* Mr. Ontiveros states, "they caused injury." *Id.* Mr. Ontiveros seeks damages for "medical indifference and neglect" as well as the use of excessive force. *Id.* Liberally construing the complaint, Mr. Ontiveros appears to be attempting to state a claim under 42 U.S.C. § 1983 for violations under the Eighth Amendment for deliberate indifference to serious medical needs, *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976), and for excessive force, *Whitley v. Albers*, 475 U.S. 312, 319 (1986). However, Mr. Ontiveros fails to state sufficient facts to proceed on any claim under the Eighth Amendment.

First, with respect to Mr. Ontiveros's medical needs, a determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need, and the nature of the defendant's response to that need. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* at 1059 (citing *Estelle*, 429 U.S. at 104). Serious medical needs may include mental

2

health care. *See Doty v. Cty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) (mentally ill prisoner may establish unconstitutional treatment by showing that officials have been deliberately indifferent to his serious medical needs). Mr. Ontiveros does not specifically allege that at the time of the underlying incident, he suffered from a serious mental health condition that required PRN medication. But even if the Court assumes that Mr. Ontiveros suffered from a serious mental health condition, he fails to connect the deprivation of mental health treatment, i.e., PRN medication, with any named defendant. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of §1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633. Mr. Ontiveros alleges generally that his requests for PRN were ignored. *See* Dkt. No. 1 at 3at 2. He does not allege that defendants Dominguez, Aguilar, Wang, or "Jane Doe" are responsible for the lack of PRN medication that led to injury. The Court grants Mr. Ontiveros leave to amend to attempt to state sufficient facts to establish that these defendants, or any newly named defendant, are responsible for the alleged deprivation of medical treatment for serious mental health needs.

With respect to excessive force, whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the deliberate indifference standard is inappropriate. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Instead, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Id.* at 6–7; *Whitley*, 475 U.S. at 320–21. Mr. Ontiveros alleges that defendants "dropped" him while Dominguez was attempting to pull off his shorts. *See* Dkt. No. 1 at 3. Furthermore, Dominguez was acting in response to Mr. Ontiveros's refusal to take off his clothes. *Id.* There is no allegation that defendants acted with the intent to "maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6–7. The Court grants Mr. Ontiveros leave to amend to

3

attempt to state sufficient facts alleging that each defendant was acting with the appropriate intent to support an excessive force claim.

Furthermore, Mr. Ontiveros seeks damages for "neglect." *See* Dkt. No. 1 at 3. However, neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835–36, n.4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). Mr. Ontiveros should keep this in mind in preparing an amended complaint.

Lastly, with respect to defendant "Jane Doe," the use of Doe pseudonyms to identify a defendant is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corr.*, 406 F.2d 515, 518 (9th Cir. 1968). However, situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Mr. Ontiveros is advised that if he is unable to identify defendant "Jane Doe" by her true name in the amended complaint, he shall be given an opportunity through discovery to identify the unknown defendant if the amended complaint proceeds past an initial screening. *Id.*

### III. CONCLUSION

For the foregoing reasons, after screening the complaint pursuant to 28 U.S.C. § 1915A, the Court finds that the complaint as pled fails to state a claim as to all defendants. Mr. Ontiveros may file an amended complaint to attempt to correct the deficiencies discussed above by no later than April 15, 2020. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-cv-07496 VKD, and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Mr. Ontiveros must answer all the questions on the form in order for the action to proceed.

Mr. Ontiveros is advised that the amended complaint will supersede the original complaint, the latter being treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d

4

1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If Mr. Ontiveros fails to file an amended complaint in the time, or the amended complaint fails to cure all defects described above, the Court will issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed in part for the reasons described above.

The Clerk of the Court shall include two copies of the Court's form complaint with a copy of this order to Mr. Ontiveros.

**IT IS SO ORDERED.**

Dated: March 18, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge